IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA     <>
    <>
    v.    <> Case Number: 2:07-cr-296-CSC-WKW
    <>
CHARLES D. GANN     <>

# MOTION FOR DISCOVERY

**COMES NOW** Defendant Charles D. Gann, by and through his undersigned counsel in the above-styled case, who moves this Honorable Court -- pursuant to the mandates of the 5th, 6th, 8th and 14th Amendments to the United States Constitution; and under the authority of Brady v. Maryland, 373 U.S. 83 (1963); and Giles v. Maryland, 368 U.S. 66 (1967); for an Order **GRANTING** discovery of the following items:

A.  Any written or recorded statements made by the Defendant to any law enforcement officer, official, or employee.

B.  The substance of any oral statements made by the Defendant, before or after arrest, to any law enforcement officer, official, or employee.

C.  Any written or recorded statements to any law enforcement officer, official, or employee at any time, made by any and all potential co-defendant(s) and/or accomplice(s) which are within the possession, custody, control, or knowledge of the State -- as well as any statement by any and all potential witness(es) -- within 24 hours of the United States learning of the witness(es), .which the United States might offer for any purpose at any phase of a trial.

D.  The substance of any oral statements made to any law enforcement officer,

    official, or employee, which the United States might use for any purpose at any phase of a trial made by any and all potential co-defendant(s) and/or accomplice(s) to any law enforcement officer, official, or employee at any time which are within the possession, custody, control, or knowledge of the United States -- as well as any statement by any and all potential witness(es) -- within 24 hours of the United States learning of the witness(es).any and all potential co-defendant(s) and/or accomplice(s).

E.   Permission to analyze, inspect, and copy or photograph books, papers, documents, photographs, tangible objects, controlled substances, buildings or places, or portions of any of these things, which are within the possession, custody, or control of the United States which the United States might use for any purpose at any phase of any judicial proceeding whether or not as evidence or otherwise at the trial; or which were obtained from or belongs to Defendant.

F.  Reports of any and all physical or mental examinations, and any and all scientific and/or therapeutic tests and experiments in the possession of any individual employee or contractor for the United States.

G.  Any and all electronic surveillance material.

H.  Any and all evidence or information which tends to exculpate the Defendant, either through an indication of his innocence or through the potential impeachment of any state witness or evidence. This request includes all facts and information in whatever form, source or nature which the United State's Attorney's Office or their assistants, any and all law enforcement or other governmental entities knows or should know, which will be or may be beneficial to the Defendant -- either as to the merits of the case or the credibility of any witness or evidence. Such evidence includes, but is not limited to:

        1.  reports of examinations and tests;
        2.  all fingerprints taken from the Defendant at any time;
        3.  all written or recorded statements or confessions of any and all persons, and;
        4.  the substance of all oral confessions or statements by any and all persons contacted in connection with this case, or otherwise relevant to this case, the circumstances under which they were made, and all notes and records pertaining to any such oral statement(s).

I.  All memoranda, documents, and reports by all law enforcement officers, officials, and/or employees connected with the indictment -- which the United States might use at any phase of any judicial proceeding; as well as the same of The investigative staff of all prosecutors; said report, documents and/or

    memoranda to include, but not to be limited to, "Felony Reports of the United States Attorney's Office.

J.  All notes, memoranda and/or documents of the individual(s) investigating these charges against the Defendant.

II

Defendant Gann further moves this Honorable Court, pursuant to the above-cited authority, to order the United States to investigate any and all of the following potential impeachment information within the possession, custody and control of the United States, or the existence of which is known or should be known, to the United States:

1. Any and all consideration or promises given to or offered to any and all witnesses for the United States. By "consideration", Defendant refers to absolutely anything of value or use including, but not limited to, any fees, any special witness fees, any transportation assistance, any assistance to members of the witness' family, any assistance to any individual relative to any criminal, civil, or administrative dispute with the United States, any interest or bias of any and all individuals in any capacity (witness or otherwise) in favor of the United States or against the Defense, whether or not that might constitute an inducement to testify or to alter that individual's testimony;
2. Any and all prosecutions, investigations or possible prosecutions pending or possible, which could be brought against any witness or other individual as to the probationary, parole or deferred prosecution status of that witness or other individual;
3. The arrest record summaries prepared by the FBI, the United States government, and/or any all law enforcement or governmental entities which are available to the United States for each and every one of the United States' witnesses;
4. All records and information revealing felony and/or misdemeanor convictions attributed to any and all federal witnesses, or any other individual whom the United States might use at any phase of any judicial proceeding;
5. Any and all personnel files including, but not limited to, witnesses who are law enforcement officers, other witnesses, and/or any individual whom the United States might use at any phase of any judicial proceeding.

III

Defendant prays that this Court, pursuant to the above-cited authority, order the United States to produce all items of physical evidence that are pertinent to this case, and/or all items which have been in its possession and control. Defendant shall have the right to inspect, examine, and/or test this material personally, and by any expert(s) designated by the Defendant, whether or not the United States intends to introduce, or attempts to introduce, said evidence at any proceeding including, but not limited to, a trial.

### IV

Defendant further prays that this Honorable Court, pursuant to the above-cited authority, order the United States to provide Defendant with the names, addresses, and telephone numbers, for all witnesses whom the United States may call for any proceeding, including trial, relative to this case. Defendant also prays this Court order the United States to provide Defendant with all other contact information including, but not limited to, all other addresses, electronic mail (to-wit E-Mail) addresses, and all telephone numbers for these potential witnesses.

### V

Defendant further moves that this Court order the United States to provide any and all additional information and/or evidence not previously requested in this Motion, which may in any way be relevant to Defendant's potential trial and/or potential sentence.

### VI

Defendant further moves that this Court, pursuant to the above-cited authority, order the United States to make continuing disclosures as to all matters requested herein -- prior to, during, and after the date when the United States began its investigation of this matter.

### VII

Defendant further moves that this Honorable Court, pursuant to the above-cited authority, order that all of the United States' files, reports, statements and all other items identified in this motion be properly identified, disclosed, labeled, and provided to Defendant Wilson. If the United States objects to this as to any item, the information shall be provided to this Honorable Court for an <u>in camera</u> determination, along with notice to Defendant Gann's undersigned counsel of the government's objection to disclosure. All items that are not disclosed to the Defendant pursuant to this Motion, or which are excluded from trial for any reason whatsoever, shall be made a part of the record of the Court. This evidence shall be available for appellate review and post-conviction relief.

### VIII

Defendant further moves that this Honorable Court, pursuant to the above-cited authority, consider this Motion as continuing and as requiring release of evidence to the Defendant during the course of this case if circumstances demand such release, even if previous circumstances did not.

### IX

Defendant further moves that this Honorable Court, pursuant to the above-cited authority, establish a time, place and manner for the production, inspection, and/or copying of this discovery. The United States must allow the Defendant a reasonable time to review and investigate this information. Consequently, the United States shall not proceed with any legal proceeding until and unless Defendant has had at least 30 calendar days to examine this material. The United States shall charge Defendant Gann no more than $0.10 (10 cents) per page for copying any and all of the above-referenced documents. The United States shall charge Defendant no more than $3.00 each for copying any and all of the above-referenced audiotape(s) and/or videotape(s).

**THEREFORE**, Defendant Charles D. Gann -- in order to guarantee that he can effectively exercise his right to a constitutionally adequate trial, to confront all evidence against him, to prepare a defense in his own behalf, to secure the effective assistance of counsel, and to obtain the due process of law guaranteed by the United States Constitution -- prays this Honorable Court to **GRANT** this motion,

RESPECTFULLY SUBMITTED THIS 8th DAY OF JANUARY, 2008

_____
I.M. (Mike) Winter, Jr.  (WIN036)
Attorney For Mr. Charles D. Gann
Winter Legal Strategies LLC
Suite 300-A

300 Water Street
Montgomery, Alabama  36104
(334)263-5787
MikeWinter@WinterLegal.net

**<u>CERTIFICATE OF SERVICE</u>**


I hereby certify that I have served this motion, by in-hand delivery to Ms. Satura McPherson, Esquire, Special Assistant United States Attorney, or to her designee with at the United States Attorney's Office, by electronic mail.

DONE THIS 8TH DAY OF JANUARY, 2008

_____
**I.M. (Mike) Winter, Jr.** (WIN036)
Attorney For Mr. Charles D. Gann